1
2
3
4
5
6
7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TAHOE REGIONAL PLANNING
     AGENCY,
11
                 Plaintiff,              No. CIV S-08-3102 LKK EFB
12
           vs.
13
     MARSHA ELIZABETH HALE,
14
                 Defendant.              FINDINGS AND RECOMMENDATIONS
15
     _____/
16

17         On June 17, 2009, this court heard plaintiff's motion for default judgment, pursuant to

18   Fed. R. Civ. P. 55(b), against defendant Marsha Elizabeth Hale.[1]  Plaintiff Tahoe Regional

19   Planning Agency (hereafter "TRPA"), was represented by attorney Nicole Rinke.  No

20   appearance was made on behalf of defendant Marsha Elizabeth Hale (hereafter "Hale").

21         Upon review of the motion, supporting documents, plaintiff's oral argument, and good

22   cause appearing, the court makes the following findings and recommendations.

23   ////

24   ////

25   _____

26         [1]  This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19) and
     28 U.S.C. § 636(b)(1).

                                    1

BACKGROUND

   The complaint, filed December 19, 2008, premises this court's jurisdiction on federal

subject matter, 28 U.S.C. § 1331, based on the underlying interstate agreement that controls this

action, Pub. Law 96-551, 94 Stat 3233 (Tahoe Regional Planning Compact (hereafter

"Compact")) and implementing Code of Ordinances ("Code"); *see also* Cal. Gov't Code

§§ 66891, *et seq.*, and Nev. Rev. Stat. §§ 277.200, *et seq.*

   A certificate of service, filed February 19, 2009, demonstrates that the summons and

complaint were personally served on defendant on February 3, 2009.  Dckt. No. 6.

   On March 5, 2009, pursuant to plaintiff's request, the Clerk of the Court entered

defendant's default.  Dckt. Nos. 7, 9.  Plaintiff's request for entry of default provides that

defendant "has failed to appear or otherwise respond to the Complaint . . .," which should have

been filed and served on or before February 23, 2009.  Dckt. No. 7.  While defendant was not

served with plaintiff's request for entry of default or the Clerk's entry of default, these omissions

come within the exception for service upon a defaulting party.  *See* Fed. R. Civ. P. 5(a)(2) ("No

service is required on a party who is in default for failing to appear").

   Plaintiff filed the instant motion for default judgment on May 7, 2009, Dckt. No. 13,

which was served by mail on defendant on May 5, 2009, Dckt. No. 19, at p. 2.

DISCUSSION

   Process has been served upon defendant, who has not appeared in this action.  *See Pacific*

*Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985) (default

judgment void without personal jurisdiction).

   Entry of default pursuant to Fed. R. Civ. P. 55(a) effects defendant's admission of the

well-pled factual allegations of the complaint, except those relating to the amount of damages.

*See* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages– is

admitted if a responsive pleading is required and the allegation is not denied"); *Geddes v. United*

*Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977), *Anderson v. Air West*, 542 F.2d 1090, 1093

1 (9th Cir. 1976).

2   The court finds that the complaint states the following claims for which relief can be

3 granted, specifically:

4   1.  Defendant engaged, on two separate occasions in July and October 2008, in grading

5 and disposing of 200 cubic yards of soil onto her real property, located at 495 Lakeridge Court,

6 El Dorado County, California, Assessor's Parcel Number (APN) 016-512-02, and onto adjacent

7 property owned by the United States Forest Service.  The properties are within the geographical

8 boundaries of the Region, and such disposal was initially conducted without authorization from

9 TRPA, and subsequently in violation of a TRPA cease and desist order.  *See* Compl., ¶¶ 31-35,

10 Declaration of Steve D. Sweet ("Sweet Decl.") ¶¶ 3, 6-8, 11-14; Declaration of Ethan Casaday

11 ("Casaday Decl.") ¶¶ 3, 5.

12   2.  Defendant failed to install and/or maintain discharge control devices (known as "Best

13 Management Practices," or "BMP's") on her property during the initial stages of the grading and

14 construction activities, causing an indirect discharge of soil to the waters of the Region.  *See*

15 Compl., ¶¶ 41-45;  Sweet Decl., at ¶¶ 3, 5, 6, 8 -13; Casaday Decl., at ¶¶ 3, 5.

16   3.  Defendant made unauthorized modifications to the natural contours of the land by

17 constructing large terraces on her property without the approval of TRPA.  *See* Compl., ¶ 24;

18 Sweet Decl., at ¶¶ 3-4, 6-8, 13-14; Casaday Decl., at ¶¶ 3, 5.

19   4.  Defendant has, on two separate occasions, violated TRPA cease and desist orders,

20 issued in July and October 2008.  *See* Compl., ¶ 22; Sweet Decl., at ¶¶ 4-6, 15-17; Casaday

21 Decl., at ¶¶ 3, 5-6.

22   Based on the foregoing, and plaintiff's memorandum of points and authorities and

23 affidavits filed in support of the motion for default judgment, and pursuant to the authority

24 Article VI(1) of the TRPA Compact, and the factors set forth in *Tahoe Regional Planning*

25 *Agency v. Terrace Land Co.*, 772 F. Supp. 506, 509-510 (D. Nev. 1991), the court finds that

26 plaintiff is entitled to the relief requested.  There are no policy considerations that preclude the

1   entry of default judgment of the type requested.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-1472

2   (9th Cir. 1986).

3       Accordingly, the court will recommend judgment in the total amount of $50,000.00,

4   reflecting statutory civil penalties based on the following:

5       1.  First Cause of Action:  Unauthorized Disposal of Soil, in violation of TRPA Code

6   § 64.5, and TRPA Compact, Art. VI(b), subject to $5000 penalty per day.  Plaintiff seeks a total

7   of $10,000, based on two separate recorded instances.

8       2.  Second Cause of Action:  Unauthorized Grading, in violation of TRPA Code §§ 4.7

9   and 64.1, and TRPA Compact, Art. VI(b), subject to $5000 penalty per day.  Despite multiple

10  days of grading, plaintiff seeks a total of $10,000.

11      3.  Third Cause of Action:  Failure to Install and Maintain Discharge Control Devices

12  ("BMP's") During Grading and Construction, in violation of TRPA Code §§ 64.3.C and 25.2.A,

13  and TRPA Compact, Art. VI(b), subject to $5000 penalty per day.  Despite multiple days of

14  grading, plaintiff seeks a total of $10,000.

15      4.  Fourth Cause of Action:  Indirect Discharge of Earthen Materials To Lake Tahoe (soil

16  deposited in roadway), in violation of TRPA Code § 64.3.B, and TRPA Compact, Art. VI(b),

17  subject to $5000 penalty per day.  Plaintiff seeks a total of $5,000.

18      5.  Fifth Cause of Action:  Failure to Maintain Natural Slope of the Property

19  (unauthorized construction of terraces and modification of natural slope), in violation of TRPA

20  Code § 30.5.A(1), and TRPA Compact, Art. VI(b), subject to $5000 penalty per day.  Plaintiff

21  seeks a total of $5,000.

22      6.  Sixth Cause of Action:  Violation of a TRPA Issued Cease and Desist Order, in

23  violation of TRPA Code § 8.3.B, subject to $5000 penalty per day.  Plaintiff seeks a total of

24  $10,000, based on two separate recorded violations.

25      In addition, plaintiff seeks injunctive relief in the form of "ordering Hale to restore the

26  Property pursuant to a TRPA-approved restoration plan."

CONCLUSION

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against defendant Marsha Elizabeth Hale, be GRANTED;

2. Statutory civil penalties be awarded in the total amount of $50,000.00; and

3. Defendant be ordered to restore her property located at 495 Lakeridge Court, El Dorado County, California, Assessor's Parcel Number (APN) 016-512-02, pursuant to a TRPA-approved restoration plan.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE